IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFF WAYNE HALL                                                                    PLAINTIFF

          v.                    Civil No. 4:12-cv-04070

WARDEN MARY BRAZZEL;
NURSE WANDA BROWN;
SHERIFF RON STOVALL;
WILLIAM FLOYD; DR. NASH;
ANGIE MAYER; MS. SYNCHUCK;
MS. MAGOWEN; MILLER COUNTY
DETENTION CENTER; and
CORPORAL HANNING                                                                DEFENDANTS

**<u>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

      This is a civil rights action filed by Plaintiff, Cliff Hall, pursuant to 42 U.S.C. § 1983.  At the time he filed his Complaint, Plaintiff was incarcerated at the Department of Community Corrections Southwest Arkansas Community Correction Center in Texarkana, Arkansas ("DCC").  Plaintiff is no longer incarcerated.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  Currently before the Court is Plaintiff's Motion for a Restraining Order.  ECF No. 20.

**I.      BACKGROUND**

      Plaintiff filed his Complaint on June 27, 2012.  ECF No. 1.  After reviewing Plaintiff's Complaint, the Court determined it would benefit from additional information and directed Plaintiff

to complete and file a Court prepared Addendum to his Complaint. ECF No. 9. Plaintiff did so. ECF No. 11. The Court then issued service on the Defendants in this matter. ECF No. 12. Thereafter, Plaintiff filed the instant Motion for Restraining Order against the Defendants. ECF No. 20.

In his Complaint and Addendum, Plaintiff asserts claims relating to the following events: (1) a January 2012 sexual assault by fellow inmate and subsequent ridiculing; (2) burning his arm while on kitchen duty and not receiving medical attention for the burn; (3) working in the kitchen even though he was diagnosed with Hepatitis C; (4) receiving medication and diet trays for diabetes even though he does not have diabetes; and (5) not receiving answers to his grievances.

## II.   APPLICABLE LAW

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the Eighth Circuit Court of appeals has instructed courts to consider the *Dataphase* factors. These factors are: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.,* 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.,* 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn,* 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.,* 815 F.2d 500,

503 (8th Cir.1987). Additionally, Plaintiff must establish a relationship between the injury claimed in his motion and the conduct alleged in the complaint. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994).

### III. DISCUSSION

In his Motion for Restraining Order (ECF No. 20), Plaintiff requests the Court restrain Defendants in this matter from harming Plaintiff and Plaintiff's family members: Alice Hicks, Karen Dickerson, and Christie Cox. Plaintiff also alleges he fears the Defendants will retaliate against him and his family members. There is no additional information included in the Motion.

Plaintiff does not address the merits of his claim or establish a probability of success on the merits of his claims in his Motion. Instead, he merely requests the Court restrain the Defendants from harming him or his family because he fears they may retaliate against him. Plaintiff does not, however, allege any threats have actually been made against him or his family by the Defendants, nor does he explain what type of retaliation he fears. Furthermore, retaliatory behavior constitutes a separate cause of action from the claims asserted in Plaintiff's Complaint. *See Devose,* 42 F.3d at 471 (no preliminary injunction where motion for relief was based on assertions of retaliation that were entirely different from initial claim).

Lastly, the Court notes Plaintiff is no longer incarcerated at the DCC. Plaintiff has been released, thus, making it unlikely any Defendant, jail officers from the DCC, may retaliate against him or his family.

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Restraining Order (ECF No. 20) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 20th day of June 2013.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE