IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFF WAYNE HALL                                                                   PLAINTIFF

        v.                      Civil No. 4:12-cv-04070

WARDEN MARTY BRAZZEL; CORP. HANNING;
SHERIFF RON STOVALL; WILLIAM
FLOYD; ANGIE MAYER;
MS. SYNCHUCK; MS. MAGOWEN;
OFFICER BATES; SGT. ADAMS;
OFFICER HARRIS; and SGT. JONES                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

        This is a civil rights action filed by the Plaintiff, Cliff Hall, pursuant to 42 U.S.C. § 1983. Plaintiff is no longer incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

        Currently before the Court is Defendants Motion to Dismiss. ECF No. 51. Plaintiff did not respond. After careful consideration I make the following Report and Recommendation.

**I.    BACKGROUND**

        Plaintiff filed his Complaint on June 27, 2012. ECF No. 1. Plaintiff subsequently filed a Supplement and an Addendum to his Complaint. ECF Nos. 6 & 11. In Plaintiff's Complaint, he made allegations relating to four[1] separate events that occurred while he was incarcerated at the Miller County Detention Center ("MCDC"). First, Plaintiff claims he was grabbed in an

---

[1] Plaintiff made five allegations but requested the fifth be dismissed in his Addendum. ECF No. 11.

"unwanted manner" by another inmate at the MCDC in January 2012. ECF No. 1, p. 8. Second, Plaintiff claims he received third degree burns on his arm while working in the kitchen at MCDC. ECF No. 1, p. 10. Third, Plaintiff claims Nurse Brown gave him diabetic medicine even though Plaintiff is not diabetic. ECF No. 1, p. 12. Additionally, Plaintiff received "diet trays" which are also intended for diabetic inmates. ECF No. 1, p. 12. Finally, Plaintiff claims Warden Brazzel stated that any grievance that would result in a lawsuit is shredded. ECF No. 1, p. 13. Plaintiff goes on to claim that his grievances where not answered. ECF No. 1, p. 13. Plaintiff clarified each of his claims in his Addendum. ECF No. 11.

Defendants Brown and Nash were dismissed by prior Order (ECF No. 48) and Defendants Mayer, Synchuck and Magowen have never been served (ECF No. 49).

On November 1, 2013, the Court ordered Plaintiff to provide addresses for service on Defendants Mayer, Synchuck, and Magowen by December 2, 2013. ECF No. 49. This Order was not returned as undeliverable. Plaintiff failed to respond to this Order.

On November 13, 2013, the Court granted Defendants' Motion to Compel and ordered Plaintiff to respond to Defendants discovery requests by December 3, 2013. ECF No. 50. This Order was not returned as undeliverable. According to Defendants, as of the date of their Motion to Dismiss, Plaintiff had not responded to Defendants' discovery request as ordered by the Court. Defendants also represent they have not received any other communications from Plaintiff. ECF No. 51. Further, Plaintiff has not responded to Defendants' Motion to Dismiss.

On December 16, 2013, the Court issued an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's November 1, 2013 and November 13, 2013 orders by January 13, 2014. ECF No. 52. In this Order to Show Cause, Plaintiff was advised that

2

failure to respond would subject this case to dismissal. This Order was not returned as undeliverable. Plaintiff failed to respond.

## II. APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad

3

faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.   DISCUSSION

Plaintiff has failed to comply with three Court orders—the Court's November 1, 2013 Order to compel discovery responses, the November 13, 2013 Order directing Plaintiff to respond with addresses for service, and the December 16, 2013 Order to Show Cause. Further, Plaintiff has not communicated with the Court in this matter since May 13, 2013.

The Court finds a clear record of delay or contumacious conduct by the plaintiff here. The three Court's Orders were not returned as undeliverable mail, therefore, the Court presumes Plaintiff received each Order and willfully disobeyed each. Therefore, I recommend Plaintiff's Complaint be dismissed with prejudice. *See Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b); *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).

## IV.   CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

**DATED this 14th day of May 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE